**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

NOT FOR PUBLICATION

|  |  |  |
|---|---|---|
| MATTHEW MEDDER, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 21-2325 |
| | ) | |
| v. | ) | Filed: June 27, 2022 |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs filed their Complaint on December 22, 2021, asserting claims individually and, as to one count, on behalf of a proposed collective of other similarly situated employees. Pls.' Compl., ECF No. 1. After Defendant moved to dismiss, Def's Mot. to Dismiss Pls.' Compl., ECF No. 7, Plaintiffs amended their Complaint on March 15, 2022, *see* Pls.' First Am. Compl., ECF No. 8. The Amended Complaint raises three claims: the first two claims allege that Defendant failed to provide hazard duty and environmental differential pay, while the third claim alleges that Defendant failed to properly calculate and pay overtime in violation of the Fair Labor Standards Act ("FLSA"). *See id.* ¶¶ 92–120.

On May 16, 2022, both parties filed substantive motions: Defendant moved to dismiss the Amended Complaint under Rule 12(b)(1) and Rule 12(b)(6) of the Rules of the United States Court of Federal Claims, and Plaintiffs moved for conditional certification of a collective action as to their overtime claim under the FLSA. *See* Def.'s Mot. to Dismiss Pls.' First Am. Compl., ECF No. 10; Pls.' Mot. to Conditionally Certify Collective Action, ECF No. 11. Defendant then moved to stay briefing of Plaintiffs' motion pending resolution of its Motion to Dismiss, which seeks

dismissal of all of Plaintiffs' claims including their claim under the FLSA. Def.'s Mot. for a Stay Pending Resolution of its Mot. to Dismiss at 2–3, ECF No. 12. Defendant argues that a stay is the more economical and efficient approach for both the Court and the parties because even if the Court only partially grants Defendant's motion it would affect the composition of Plaintiffs' proposed collective. This would in turn alter "the contours of discovery related to the collective action, the content of any notice, and to whom the notice would be sent." *Id.* at 3. Plaintiffs oppose Defendant's stay request. They stress that any delay to a conditional certification decision would be detrimental because, given the nature of the FLSA, the claims of potential opt-in plaintiffs will be extinguished or diminished by the statute of limitations with each passing day. Pls.' Opp'n to Def.'s Mot. for a Stay Pending Resolution of its Mot. to Dismiss at 4, ECF No. 13.

The Court agrees with Defendant. A trial court has "broad discretion" with respect to pre-trial case management, including scheduling matters. *See, e.g.*, *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997)); *see also Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)) (a trial court generally has "broad discretion to stay proceedings as an incident to its power to control its own docket"). While the Court appreciates Plaintiffs' concerns regarding the claims of absent putative opt-in plaintiffs, the Court finds that resolution of the pending Motion to Dismiss could significantly alter the scope and content of Plaintiffs' Motion for Conditional Certification or render it moot entirely. A temporary stay may therefore conserve a significant amount of time and resources devoted to the issue. This is a particularly compelling concern in this instance because Plaintiffs' motion is substantial, so far consisting of 33 pages of briefing and over 1,300 pages of exhibits. *See* ECF No. 11; App. to Pls.' Mot. to Conditionally Certify Collective Action, ECF No. 11-1. Other trial courts facing the

same question have elected to stay briefing on conditional certification while there is a pending motion that presents threshold issues, such as whether the complaint states a viable claim or is subject to arbitration. *See, e.g.*, *Longnecker v. Am. Exp. Co.*, No. 14-69, 2014 WL 1577522, at *2 (D. Ariz. Apr. 21, 2014); *Cobble v. 20/20 Commc'ns, Inc.*, No. 17-53, 2017 WL 4544598 (E.D. Tenn. Oct. 11, 2017); *Clark v. Pizza Baker, Inc.*, No. 18-157, 2018 WL 2119309 (S.D. Ohio May 8, 2018); *Ferrell v. SemGroup Corp.*, No. 19-610, 2020 WL 8836056 (N.D. Okla. Apr. 22, 2020). As in those cases, the Court finds a stay appropriate and in the interest of judicial economy.

Finally, Plaintiffs argue in the alternative that, should the Court stay conditional certification briefing, the statute of limitations as to absent potential class-members should be tolled. ECF No. 13 at 5–7. As Defendant points out in its reply, this is now the third pending motion in which the question of equitable tolling has been raised. Def.'s Reply in Supp. of its Mot. for a Stay Pending Resolution of its Mot. to Dismiss at 3, ECF No. 14. In its dismissal motion, Defendant argues that equitable tolling is not available at all under either this Court's statute of limitations or for FLSA claims. ECF No. 10 at 32. A ruling on equitable tolling in the context of this procedural motion would therefore be both inappropriate and premature. *See, e.g.*, *Ferrell*, 2020 WL 8836056, at *1. Plaintiffs may raise their equitable tolling arguments in response to Defendant's Motion to Dismiss, which addresses this issue in depth. *See* ECF No. 10 at 32–41.

For the reasons set forth above, Defendant's Motion for a Stay Pending Resolution of its Motion to Dismiss (ECF No. 12) is **GRANTED**. Briefing on Plaintiffs' Motion for Conditional Certification is stayed pending further order of the Court.

**SO ORDERED.**

Dated: June 27, 2022            */s/ Kathryn C. Davis*
                                    KATHRYN C. DAVIS
                                    Judge